MARY'S OPINION HEADING 









                                                NO.
12-05-00413-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

MARCUS DEWAYNE MATLOCK,            §                      APPEAL
FROM THE 

APPELLANT

 

V.        §                      COUNTY
COURT AT LAW #3

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                         
                                                  

MEMORANDUM
OPINION

            A jury convicted Appellant Marcus Dewayne Matlock of the
offense of interference with an emergency telephone call, and the trial court
assessed his punishment at 220 days of confinement.  Appellant contends the evidence is both
legally and factually insufficient to support the verdict.  We reverse and acquit.

 

Background

            Appellant is the husband of the complainant, Lisa
Matlock, and the father of her three children. 
At the time of the offense, they were living apart. 








            On February 18, 2005, Appellant had already been to Lisa’s
apartment two or three times.  In the
late afternoon, Appellant returned again. 
Lisa was in the bedroom when Appellant entered the living room in her
apartment through a window.  She became
aware that Appellant was in the apartment when she heard one of the children
call out, “Daddy.”  She picked up a
cordless telephone, dialed 9-1-1, and entered the hallway where she encountered
her husband.  He grabbed the telephone
from her hand just after the 9-1-1 operator had answered.  They struggled for the telephone, and
Appellant pushed her away as she tried to reach it.  While Appellant still had the telephone,
Appellant pushed the button ending the call. 
When the 9-1-1 operator called back, Appellant still had the telephone
and the call went unanswered.  When 9-1-1
received no answer to the return call, it dispatched a police officer to the
apartment.  An investigation followed
resulting in Appellant’s arrest for interference with an emergency telephone
call.  See Tex. Pen. Code Ann. § 42.062(a) (Vernon Supp. 2005).

 

Legal and Factual Sufficiency

            In Appellant’s two issues, he challenges the legal and
factual sufficiency of the evidence to support the jury’s verdict.

Standard of Review

            The standard for reviewing a legal sufficiency challenge
is whether, viewing the evidence in the light most favorable to the jury’s
verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 317-18, 99 S. Ct. 2781, 2788-89, 61 L. Ed.
2d 560 (1979); see also Johnson v. State, 871 S.W.2d 183, 186
(Tex. Crim. App. 1993).  In Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004), the court of criminal
appeals explained the factual sufficiency standard.

 

There
is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally
justified in finding guilt beyond a reasonable doubt?  However, there are two ways in which the
evidence may be insufficient.  First,
when considered by itself, evidence supporting the verdict may be too weak to
support the finding of guilt beyond a reasonable doubt.  Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict.  Weighing all the evidence under this
balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand.  This
standard acknowledges that evidence of guilt can “preponderate” in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.  Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard.

 

 

Id. at
484-85.

Applicable Law

            Interference with an emergency phone call is proscribed
by Section 42.062(a) of the Texas Penal Code, which reads as follows:

(a)           An
individual commits an offense if the individual knowingly prevents or
interferes with another individual’s ability to place an emergency telephone
call or to request assistance in an emergency from a law enforcement agency,
medical facility, or other agency or entity the primary purpose of which is to
provide for the safety of individuals.

 

 

Tex.
Pen. Code Ann. § 42.062(a). 
Emergency is defined as 

 

(d)           [A]
condition or circumstance in which any individual is or is reasonably believed
by the individual making a telephone call to be in fear of imminent assault or
in which property is or is reasonably believed by the individual making the
telephone call to be in imminent danger of damage or destruction.

 

 

Id. §
42.062(d).  A reasonable belief is “a
belief that would be held by an ordinary and prudent man in the same
circumstances as the actor.”  Id.
§ 1.07(a)(42) (Vernon Supp. 2005).

            A person commits an assault if the person:

 

(1)           intentionally,
knowingly, or recklessly causes bodily injury to another, including the person’s
spouse;

 

(2)           intentionally
or knowingly threatens another with imminent bodily injury, including the
person’s spouse; or

 

(3)           intentionally
or knowingly causes physical contact with another when the person knows or
should reasonably believe that the other will regard the contact as offensive
or provocative.

 

 

Id. §
22.01(a). 

Discussion

            Appellant contends the interrupted call to 9-1-1 was not
an emergency call, because Lisa never testified that she was in fear of
imminent assault or that property was in imminent danger of damage or
destruction.  

            There is no direct testimony that Lisa feared an imminent
assault.  When one of the children said “Daddy,”
she knew Appellant was in the living room. 
She dialed 9-1-1.  One would
expect that a person in fear of assault would have remained in the bedroom to
complete the call.  Instead she
immediately went into the hallway toward the living room where her husband
was.  The record before us is devoid of
any evidence that Lisa was afraid of Appellant. 
Nor is there proof of any facts or circumstances from which we might
infer that she reasonably feared he would assault her.  There is no evidence that Appellant had ever
struck her or had threatened to do so. 
When he snatched the telephone from her in the hallway, she tried to
take it back, but he kept pushing her away. 
Her account does not indicate that she suffered even minor injury or
pain in the scuffle over the telephone. 
She testified that “[h]e was grabbing on me.  I was trying to push him out to get him out
of the apartment, and he kept pushing me back, and we were just kind of tugging
on each other.”

            Appellant and Lisa were still married.  There is no evidence of a history of violence
in their marital relationship.  No
restraining order or other legal obstacle stood in the way of his returning
home.  The record contains no explanation
of why Appellant was not supposed to be there or why Lisa wanted him out of the
house, although there is a veiled suggestion that the landlord did not want
Appellant on the premises.

            Appellant left before the arrival of the police officer
sent to investigate the unreturned call by the 9-1-1 operator.  Lisa never attempted to leave the house to
avoid Appellant.  

            In 2003, the legislature lowered the threshold definition
of emergency by substituting “in fear of imminent assault” for “in imminent
danger of serious bodily injury.”[1]  We
are conscious that one reason prompting the change was to protect family
violence victims calling for emergency assistance.[2] 
However, the record includes no direct evidence that Lisa was afraid of
Appellant nor does the record contain any facts or circumstances from which we
might infer that when Lisa made the call she reasonably feared she was in
danger of imminent assault.  

            Similarly, there is no direct evidence or any evidence
from which we can infer that Lisa reasonably believed any property was in
imminent danger of damage or destruction. 
Therefore, we are forced to conclude that there is no evidence that the
interrupted 9-1-1 call was an emergency call. 
Appellant’s legal sufficiency issue is sustained.

            Because we find the evidence legally insufficient to
support Appellant’s conviction, we need not address his factual insufficiency
issue.

 

Disposition

            The judgment is reversed and a judgment of
acquittal is rendered.  

 

 

                                                                                                    BILL BASS   


                                                                                                            Justice

 

 

 

 

Opinion
delivered July 31, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











    
[1] Act of May 27, 2003, 78th Leg., R.S.,
ch. 460, 2003 Tex. Gen. Laws 1729; Act of April 16, 2003, 78th Leg., R.S., ch.
1164, 2003 Tex. Gen. Laws 3305.





    
[2] Sen. Comm. On Admin., Bill Analysis
(engrossed ver.), Tex. H.B. 778, 78th Leg., R.S. (2003).